UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HENRY DAVIS, JR.**                                                       **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL**                                              **NO. 09-1026-D-M2**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, June 10, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HENRY DAVIS, JR.**                                                              **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL**                                                         **NO. 09-1026-D-M2**

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Henry Davis, Jr. ("Davis"). The State has filed an opposition to Davis' habeas petition (R. Doc. 7).

## PROCEDURAL BACKGROUND

Davis was charged by bill of information, in the 19th Judicial District, Parish of East Baton Rouge, State of Louisiana, with one (1) count of aggravated criminal damage to property and three (3) counts of armed robbery in violation of La. R.S. 14:55 and 14:64 respectively. Through counsel, he waived formal arraignment and entered a plea of not guilty and not guilty by reason of insanity on April 6, 1999. A sanity commission was then appointed to determine Davis' competency to proceed to trial. Following a sanity hearing, wherein reports were submitted by Dr. Hale and Dr. Rostow, the state trial court ruled that Davis was competent to assist his attorney at trial.

On August 27, 2002, a preliminary hearing was conducted, and the state trial court determined that there was probable cause to proceed to trial. Additionally, Dr. Hale and Dr. Rostow reexamined Davis to determine whether he was sane at the time of the crimes.

1

Following a jury trial that took place on May 5, 2003 through May 9, 2003, Davis was found guilty as charged on one (1) count of aggravated criminal damage to property and two (2) counts of armed robbery.[1]  On June 6, 2003, Davis was sentenced to fifteen (15) years at hard labor on the aggravated criminal damage to property conviction and to ninety-nine (99) years at hard labor, without the benefit of probation, parole, or suspension of sentence, on each of the two (2) armed robbery convictions, with those sentences to run concurrently.

After Davis' sentencing, the State filed a habitual offender bill of information, and on September 8, 2003, the state trial court found Davis to be a fourth felony offender.  The trial court therefore vacated its prior sentence as to count three (armed robbery) and resentenced Davis to life imprisonment at hard labor, without the benefit of probation, parole, or suspension of sentence.  Davis did not file a motion to reconsider his sentence.

Davis appealed his convictions and sentences to the Louisiana First Circuit Court of Appeals, which affirmed Davis' convictions and sentences on May 14, 2004 and subsequently denied Davis' request for a rehearing.  Davis then sought writs from the Louisiana Supreme Court on August 31, 2004, which writ application was denied on January 28, 2005.  Davis also sought a rehearing by the Louisiana Supreme Court on March 9, 2005, which was denied on April 8, 2005.

On March 29, 2006, Davis filed an application for post-conviction relief with the state trial court.  On July 14, 2006, a Commissioner for the 19th Judicial District Court, Parish of East Baton Rouge, issued a report, recommending that all of Davis' post-conviction claims

---

[1] One of the three (3) counts of armed robbery with which Davis was charged was dismissed during the course of the trial on May 5, 2003.

be dismissed either because they were procedurally barred and/or because they lacked merit. On January 4, 2007, the state trial court adopted the Commissioner's report and recommendation as the opinion of the court and denied Davis' post-conviction relief application. Davis sought a writ from the First Circuit Court of Appeals concerning the denial of his post-conviction relief application, which writ application was denied on March 23, 2007. He also sought review by the Louisiana Supreme Court, which denied his writ application on February 1, 2008.

Davis filed his present habeas petition on December 10, 2009, wherein he asserts the same issues as were raised in his state post-conviction proceedings. The State concedes that Davis has exhausted his state court remedies relative to those claims; however, it contends that his habeas petition should nevertheless be dismissed on procedural grounds.

## **LAW & ANALYSIS**

A habeas corpus petitioner must file an application for relief within the time period set forth in 28 U.S.C. § 2244(d), which provides, in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[Emphasis Added.] 28 U.S.C. §2244(d)(1)(A) and (d)(2). To be considered "properly filed" for purposes of §2244, an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1811, 161 L.Ed.2d 669 (2005), citing *Artuz v. Bennett*, 531 U.S. at 8, 11, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

In the present case, Davis' judgment of conviction/sentence became final by the conclusion of direct review on July 7, 2005, ninety (90) days after the Louisiana Supreme Court denied his application for a rehearing on direct appeal on April 8, 2005. Two hundred and sixty-four (264) days of untolled time then elapsed before Davis filed his application for post-conviction relief in the state trial court on March 29, 2006. The Louisiana Supreme Court denied Davis' writ application relating to his post-conviction relief application on February 1, 2008; however, Davis did not file his present habeas petition until nearly two (2) years later, on December 10, 2009.[2] As such, approximately two and one-half (2 ½) years of untolled time elapsed between the finality of Davis' judgment of

---

[2] Davis indicates in the memorandum supporting his present habeas petition that he received a copy of the Louisiana Supreme Court's writ denial relating to his post-conviction relief application on February 7, 2008. He states, in the text of his supporting memorandum, that he filed his present habeas petition twelve (12) days later on February 19, 2008. That is not the case, however. His habeas petition and supporting memorandum are both dated December 9, 2009. Davis even marked out the February 19, 2008 date typed at the bottom of his supporting memorandum and wrote the date, December 9, 2009. Furthermore, the copy of the envelope filed with Davis' habeas petition indicates a postmark of December 10, 2009. Applying the "prison mailbox rule," the correct filing date for Davis' habeas petition is December 10, 2009. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999)(Under the "prison mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court").

conviction/sentence and the filing of his present habeas petition, and his habeas petition should therefore be dismissed with prejudice as untimely-filed.[3]

## RECOMMENDATION

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Henry Davis, Jr., be **DISMISSED WITH PREJUDICE** as untimely-filed.

Signed in chambers in Baton Rouge, Louisiana, June 10, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[3] Although the one-year federal limitations period is subject to equitable tolling in "rare and exceptional circumstances," the petitioner bears the burden of establishing that equitable tolling is warranted. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Here, Davis has offered no reason for missing the one-year filing deadline by several years, much less a "rare and exceptional one." As such, equitable tolling should not be applied in this case. *In re Johnson*, 2009 WL 1158812, **3 (5th Cir. 2009)(similarly deciding not to apply equitable tolling where a habeas petitioner missed the one-year limitations deadline by years, and noting that the Fifth Circuit has long stated, "'[e]quity is not intended for those who sleep on their rights'").